UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| SYED UMAR HUSAINY, <br><br> Plaintiff, <br><br> v. <br><br> GUTWEIN LLP, <br><br> Defendant. | CAUSE NO.: 4:18-CV-28-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss [ECF No. 12]. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**BACKGROUND**

This case arises from a number of Indiana State-Court actions in which Defendant Gutwein, LLP, a law firm, represented Granite Management LLC in seeking to recover allegedly unpaid debts from Plaintiff. Compl. ¶¶ 21, 28, ECF No. 1. On April 27, 2018, Plaintiff filed a Complaint [ECF No. 1] "seeking declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, actual damages, statutory damages, attorneys' fees, and costs, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, ("FDCPA") and negligence." *Id.* ¶ 2. Plaintiff's claims arise from Defendant's actions in representing Granite Management LLC's attempted collection of debt from Plaintiff in Indiana state court proceedings. On June 18, 2018, Defendant filed the instant Motion to Dismiss [ECF No. 12], and the motion became ripe after Plaintiff filed a Response [ECF No. 15] and Defendant filed a Reply [ECF No. 17]. On May 1, 2019, this matter was reassigned to the undersigned [ECF No. 18].

**STANDARD OF REVIEW**

A motion to dismiss brought under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court presumes that all well-pleaded factual allegations are true, views these well-pleaded allegations in the light most favorable to the plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). A complaint must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Twombly* 550 U.S. at 555. "The movant bears the burden of proving that the complaint fails to state a claim for relief." *Five Star Airport All., Inc. v. Milwaukee Cty.*, 939 F. Supp. 2d 936, 938 (E.D. Wis. 2013) (citing *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990)).

**ANALYSIS**

Defendant makes several arguments for dismissal of Plaintiff's Complaint, each of which the Court will address in turn.

### A. Declaratory Judgment

First, Defendant seeks dismissal of Plaintiff's request for a declaratory judgment that Defendant has violated the Fair Debt Collection Practices Act (FDCPA). Compl. at 7. Defendant argues that such a declaratory judgment is unavailable relief under the FDCPA. Def.'s Mem. in Supp. of Mot. to Dismiss at 2, ECF No. 13. The Court agrees.

The FDCPA explicitly allows for financial recovery by an individual for violations against a debt collector in a private action. 15 U.S.C. § 1692k (titled "Civil Liability"). The FDCPA, however, is missing any provision explicitly allowing for a declaratory judgment in a private action. *See* 15 U.S.C. §§ 1692–1692p. Accordingly, the Seventh Circuit Court of Appeals has explicitly stated that "all private actions under the Fair Debt Collection Practices Act are for damages." *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000).

Plaintiff cites numerous cases from other circuits that have allowed for private declaratory judgment actions under the FDCPA. *See* Mem. in Opp. to Def.'s Mot. to Dismiss at 13–14, ECF No. 15. But the courts in these cases were not bound by *Crawford* as this Court is, and so they are not relevant to this analysis. Plaintiff also cites district court decisions from this circuit involving private declaratory judgment actions under the FDCPA. *See id.* (citing *Borcherding-Dittloff v. Transworld Sys., Inc.*, 185 F.R.D. 558 (W.D. Wis. 1999); *Young v. Meyer & Njus, P.A.*, 183 F.R.D. 231 (N.D. Ill. 1998); *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313 (N.D. Ill. 1995)). But these opinions were released prior to *Crawford*, and so again are not relevant to this Court's analysis. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's request for a declaratory judgment.

### B. Disclosure of Social Security Number

Next, the Complaint alleges that Defendant violated the FDCPA by including Plaintiff's unredacted social security number in filings in state court lawsuits that should have been redacted. Compl. ¶¶ 43, 44. Defendant argues that this type of disclosure cannot constitute a

violation of the FDCPA, citing cases addressing § 1692d and/or § 1692f. *See* Def.'s Mem. in Supp. of Mot. to Dismiss at 4 (collecting cases).

Plaintiff argues that the disclosure of his social security number is a violation under § 1692e, and that, in addition to the disclosure, he seeks recovery under § 1692e because Defendant "falsely represented that if it filed any documents considered confidential [containing Plaintiff's social security number] under Indiana Administrative Rule 9, it set the document to confidential." Mem. in Opp. to Def.'s Mot. to Dismiss at 7. Plaintiff notes that Defendant's cited cases only address violations under § 1692d or § 1692f. *Id.* Plaintiff argues that those cases are inapposite because he seeks to recover under § 1692e, titled "False or misleading representations," and not § 1692d, titled "Harassment or abuse." *Id.* ("None of the cases cited by Defendant are on point, as they all are claims under Section 1692d or 1692f of the FDCPA; Plaintiff's claim regarding improper disclosure of his social security number relates to Defendant's false and misleading representation in connection with the attempt to collect the debt, Section 1692e, which relates to the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.").

Defendant is correct insofar as the disclosure of Plaintiff's social security number in public documents filed in state court proceedings is not actionable under § 1692d. *Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06 C 2379, 2008 WL 5211024, at *5 (N.D. Ill. Dec. 11, 2008) (finding that submitting a document containing a party's social security number as an exhibit in a lawsuit is not a violation of § 1692d). Under that statute, "[a] debt collector may not engage in any conduct *the natural consequence of which is to harass, oppress, or abuse* any person in connection with the collection of a debt." 15 U.S.C. § 1692d (emphasis added). The Court agrees with the reasoning in *Feltman*, where the opinion concluded:

> [W]e have not found a case applying § 1692d to the type of behavior at issue here. However, courts have held that threatening to file suit and filing a time-barred suit to collect a debt does not constitute conduct, the natural consequence of which is

4

>to harass, abuse, or oppress. If threats to file a lawsuit and actually filing a time-barred lawsuit do not constitute harassing conduct under § 1692d, we do not think that filing an exhibit in a lawsuit is conduct, the natural consequence of which is to harass, abuse or oppress.

*Feltman*, 2008 WL 5211024, at *5 (citations to collected cases omitted).

Accepting Plaintiff's argument that he means to proceed under § 1692e, he cannot recover for the public disclosure of his social security number under that statute either. Under § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff has not alleged that there was anything "false, deceptive, or misleading" about the actual disclosure of his social security number—only that Defendant misrepresented to the state court that documents containing Plaintiff's social security number were confidentially filed when they were in fact not. Therefore, the alleged disclosure of Plaintiff's social security number cannot constitute a violation of § 1692e.

However, the alleged representation by Defendant to Indiana state courts about whether it set as confidential documents containing Plaintiff's social security number is another matter. The Court is troubled by the lack of argument or authority on this point presented by either party. Plaintiff has presented no authority where a court has ruled that such an alleged misrepresentation constitutes a violation of § 1692e, and the nature of the non-exclusive list of examples of violations contained within that section seem to preclude such a violation. *See, e.g.*, 15 U.S.C. § 1692e ("(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State . . . (2) The false representation of-- (A) the character, amount, or legal status of any debt; . . . ."). On the other side, Defendant has not presented any authority that such a representation is not a violation of § 1692e, and Defendant's reply brief did not specifically address Plaintiff's citation to § 1692e. *See* Def.'s Reply in Support of Def.'s Mot. to Dismiss at 3, ECF No. 17 ("This is a confusing allegation in itself. How this is it happened [sic] violates the FDCPA is totally unclear.").

5

It appears to this Court that, accepting Plaintiff's allegation as true that Defendant made false statements about the confidential status of documents containing Plaintiff's social security number, that conduct would potentially fit under the broad umbrella of § 1692e of using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Accordingly, if false statements to a state court about filing a social security number under seal in fact constitute a violation of § 1692e, then Plaintiff has stated a claim. Because Defendant has the burden of establishing that Plaintiff is not entitled to recovery at the 12(b)(6) stage, *see Five Star Airport All., Inc.*, 939 F. Supp. 2d at 938, the Court concludes that Defendant has not met its burden and the motion to dismiss must be denied as to the potential claim regarding false statements about the confidential status of documents filed in state court.

### C. Negligence

The Complaint also states a supplemental claim for negligence against Defendant for the disclosure of Plaintiff's social security number. Compl. ¶¶ 67–73. State law supplemental claims in federal court are governed by the substantive state law where the federal district court sits. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). To demonstrate a claim of negligence under Indiana law, Plaintiff must allege: (1) a duty owed to him by Defendant, (2) breach of that duty by Defendant, and (3) injury proximately caused by Defendant's breach of duty. *DeSimone v. Noonan*, No. 1:09-CV-1421, 2012 WL 3027998, at *3 (S.D. Ind. July 24, 2012) (citing *Kroger Co. v. Plonski*, 930 N.E.2d 1, 6 (Ind. 2010)).

Defendant argues that this cause of action must fail because it owed no duty to Plaintiff and that is an essential element of a negligence claim. Def.'s Mem. in Supp. of Mot. to Dismiss at 4–5. Plaintiff first attempts to rebut this by arguing that, while duty is a question of law, the Court should not rule on it here because "[s]ometimes . . . the existence of a duty depends upon underlying facts that require resolution by the trier of fact." Mem. in Opp. to Def.'s Mot. to Dismiss at 11. But Plaintiff has not identified any facts, whether potentially disputed or

otherwise, that would preclude this Court ruling on Defendant's duty to Plaintiff as a matter of law. Accordingly, this argument fails.

Plaintiff also argues that Defendant owed him a duty by virtue of the obligations imparted by the Indiana Administrative Rules and Indiana Rules of Professional Conduct. *Id.* at 12. But according to the Indiana Supreme Court: "civil liability in damages may not be predicated on a claimed violation of a specific professional conduct rule relating to fiduciary duties." *Liggett v. Young*, 877 N.E.2d 178, 183 (Ind. 2007). And further, "[a]bsent fraud, collusion, malicious or tortious conduct on the part of an attorney, the rule is . . . well established that no liability to third parties arises from the attorney's conduct as an attorney for another." *Meier v. Pearlman*, 401 N.E.2d 31, 40 (Ind. 1980). The Court therefore concludes that, accepting the allegations in the Complaint as true, Plaintiff cannot establish a claim for negligence against Defendant for disclosing his social security number in Indiana state court proceedings based on alleged violations of the Indiana Administrative Rules or Indiana Rules of Professional Conduct. Thus, Plaintiff has failed to properly allege that Defendant owed him a duty, and his negligence claim must be dismissed.

### D.  Remaining claims under the FDCPA

Defendant also argues, "Beyond the declaratory claim and the claim for disclosure of the social security number, no other allegations are sufficient to state a claim. The remainder are legal conclusions and threadbare recitals of the elements of the cause of action and with no specific facts." Def.'s Mem. in Supp. of Mot. to Dismiss at 4. Defendants suggests that documents would be helpful to determine the basis of the claims, but Defendant offers no further specific argument, law, or analysis in support. *Id.* Plaintiff argues in response that the Complaint does allege facts that give rise to claims under the FDCPA and cites paragraphs 40, 41, 48–50, 55–57, 61, and 66 of the Complaint as specific examples. Mem. in Opp. to Def.'s Mot. to Dismiss at 5–6.

The Seventh Circuit has said that *Iqbal* requires that plaintiffs must provide "some specific facts to ground [their] legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Further, "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* While courts are bound to accept factual assertions as true, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). The Court agrees that Plaintiff has raised a dizzying number of claims in the Complaint, some of which appear to be no more than legal conclusions with no supporting facts. Plaintiff has cited the following paragraphs as providing the factual basis for the remaining claims in the Complaint:

40. Gutwein attempted to collect doc prep fees from Mr. Husainy through a lawsuit in Tippecanoe County, State of Indiana, Cause No. 79D06-1701-SC-000324.

41. Gutwein attempted to collect doc prep fees from Mr. Husainy through a lawsuit in Tippecanoe County, State of Indiana, Cause No. 79D06-1706-PL-000080.

. . .

48. Gutwein, through its representation of Granite Management LLC, sued Mr. Husainy through Cause No.79D06-1701-SC-000324 and 79D06-1706-PL-000080 in Tippecanoe County Superior Court VI.

49. Gutwein attempted to collect a debt that Plaintiff did not owe.

50. Gutwein falsely represented the character, amount, or legal status of a debt.

. . .

55. Gutwein attempted to collect an amount of money from Mr. Husainy that is not expressly authorized by an agreement creating the debt.

56. Gutwein attempted to collect money for "doc prep fees" through a lawsuit arising out of a landlord tenant relationship.

57. Gutwein attempted to collect money from Plaintiff that is not permitted by law.

>. . .
>
>61. Mr. Husainy incorporates herein by reference all of the foregoing paragraphs in full herein.
>
>. . .
>
>66. Gutwein falsely represented the amount of debt Mr. Husainy owed Granite.

Compl. ¶¶ 40, 41, 48–50, 55–57, 61, 66.

When read together, these quoted paragraphs raise allegations sufficient to survive Defendant's threadbare argument in favor of dismissal. For example, while paragraphs 49 and 50 merely state the elements of violations of 15 U.S.C. §§ 1692e, 1692f, paragraphs 40 and 41 reference specific debt collection actions. Compl. ¶¶ 40–41, 49–50. Together, this gives rise to the reasonable inference that the debt collection actions provide the factual basis for the statutory violations alleged in paragraphs 49 and 50. *See Iqbal*, 556 U.S. at 678. Also, paragraph 56 references an attempt to collect money for "doc prep fees," and paragraph 55 alleges that an attempt to collect an amount of money that is "not expressly authorized by an agreement creating the debt. *See* 15 U.S.C. § 1692f (1) (stating that it is a violation of this section for a debt collector to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"). The Court therefore concludes that Defendant has not met its burden of establishing that Plaintiff cannot recover on these remaining claims, and the Court denies the motion as to the remaining claims.

### E. Motion for a More Definite Statement

Defendant's Motion [ECF No. 12] asked for alternative relief in the form of a more definite statement under Rule 12(e) if the Court did not dismiss Plaintiff's Complaint. Under that Rule, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . . The motion . . . must point out the defects complained of and the details desired."

Fed. R. Civ. P. 12(e). A motion for a more definite statement should be granted "only in cases where the movant *cannot reasonably be required to frame an answer or other responsive pleading* to the pleading in question." Fed. R. Civ. P. 12(e) advisory committee's note to 1946 amendment (emphasis added). "Motions for a more definite statement should not be used to gain additional information, but, particularly in light of our liberal notice pleading requirement, should be granted only when the pleading is so unintelligible that the movant cannot draft a responsive pleading." *Kingsbury Int'l, Ltd. v. Trade The News, Inc.*, No. 08 C 3110, 2008 WL 4853615, at *2 (N.D. Ill. Oct. 28, 2008) (citations and internal quotation marks omitted); *see also U.S. for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987) ("Rule 12(e) motions are not substitutes for discovery.").

Here, Defendant's Motion [ECF No. 12] requested a more definite statement, but neither the brief in support [ECF No. 13] nor the motion provides any argument explaining why or how the claim is deficient under Rule 12(e) or cites any authority beyond the rule. Accordingly, the request fails to meet the explicit requirement in Rule 12(e) that the motion must "must point out the defects complained of and the details desired," and must be denied. If that were not enough, the request for alternative relief is also forfeited because of the lack of argument on the topic. *See Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." ); *see also Tucker v. Collagen Corp.*, No. 93 C 2375, 1994 WL 87367, at *5 n.2 (N.D. Ill. Mar. 16, 1994) ("This court has neither the time nor the inclination to do the Defendants' research for them.").[1]

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss [ECF No. 12]. As to Plaintiff's claims for declaratory judgment,

---

[1] Further, while the Court will not provide a full analysis of this matter without the benefit of adequate briefing and argument, it is notable that Defendant failed to meet its burden under Rule 12(b)(6), and that motions under Rule 12(e) are generally disfavored, *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 559 (N.D. Ill. 1994).

an FCDPA violation based on the disclosure of his social security number, and negligence, Defendant's Motion [ECF No. 12] is GRANTED and those claims are DISMISSED WITHOUT PREJUDICE. As to Plaintiff's remaining claims, Defendant's Motion [ECF No. 12] requesting dismissal is DENIED, and Defendant's alternate request for a more definite statement as to Plaintiff's remaining FCDPA claims is also DENIED.

SO ORDERED on August 27, 2020.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT