UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| SYED UMAR HUSAINY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-28 |
| | ) | |
| GUTWEIN LLP, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Quash Plaintiff's Amended 30(b)(6) Subpoena [DE 65] filed by the defendant, Gutwein LLP, on October 6, 2021. The plaintiff, Syed Umar Husainy, filed his response in opposition on October 20, 2021. For the reasons set forth below, the Motion to Quash Plaintiff's Amended 30(b)(6) Subpoena [DE 65] is **GRANTED**.

*Background*

On May 17, 2021, the plaintiff served the defendant with subpoenas for depositions of some of the defendant's current and former employees, including former employee Jospeh Delehanty. On July 26, 2021, the parties agreed to a series of dates and times for the depositions. Defense counsel informed the plaintiff that Delehanty might not appear for the August 12, 2021 deposition because Delehanty no longer worked for the defendant. An email from plaintiff's counsel, dated July 26, 2021, acknowledged the problem and stated that the defendant "graciously offered to have [a] rep[resentative] available earlier in case Delehanty d[id] not [sic] show up." [DE 67-3]. Defense counsel represented that he had coordinated with the defendant to produce Tony Dowell, a current employee, as the **Rule 30(b)(6)** representative for the August 12, 2021 deposition.

On August 10, 2021, the deposition of a current employee, Brooke Perez, was taken without issue. At her deposition, defense counsel again alerted plaintiff's counsel that Delehanty likely would not show up for the August 12, 2021 deposition but that the deposition with Dowell would go on as scheduled.  Later that afternoon, plaintiff's counsel emailed defense counsel acknowledging that Delehanty was "not likely to show up" and that he wanted to speak about "*possibly* kicking out tomorrow's deposition." [DE 67-5].  On the morning of the August 12, 2021 deposition, plaintiff's counsel emailed defense counsel and stated that "Delehanty's [potential absence] threw [sic] a wrench into things," and asked if defense counsel was "prepared to go the full 7 hours today?" [DE 67-6].  Twenty-three (23) minutes later, the plaintiff's counsel sent another email to defense counsel stating that he was "postponing the deposition" as Delehanty "had no intention of showing up."  [DE 67-6].  Almost simultaneously, plaintiff's counsel sent an email to the court reporter scheduled to attend the deposition, informing her that the parties were "postponing the deposition." [DE 67-7].  Shortly thereafter defense counsel responded that he and his client, Tony Dowell, were prepared to proceed with the deposition and that his client had cleared his schedule to do so.  Defense counsel also stated that he and his client "d[id] not agree to the unilateral cancellation of the deposition," and that they "d[id] not believe that the failure of Mr. Delehanty to appear [wa]s justification for rescheduling." [DE 67-7].  Nevertheless, the August 12, 2021 deposition of Dowell did not take place.

On September 22, 2021, plaintiff's counsel served the defendant with the Amended Notice of Deposition of Gutwein LLP [DE 67-8] for a deposition date of October 20, 2021.  On October 6, 2021, the defendant filed the instant motion claiming that plaintiff's counsel did not consult with him before serving the subpoena with the new date, had ample opportunity to set

new dates for another **Rule 30(b)(6)** deposition before the discovery deadline, and has failed to serve Delehanty properly.

In response, the plaintiff claims that the defendant failed to make any attempt to resolve this discovery dispute pursuant to **N.D. Ind. L.R. 37-1** prior to filing the instant motion, that the defendant had a reasonable amount of time to prepare for the October 20, 2021 deposition, and that the defendant is not permitted to avoid "a critical deposition on its claim that [the] [p]laintiff had ample opportunity to obtain the deposition."

*Discussion*

As an initial matter, the plaintiff has provided no justification as to why the August 12, 2021 deposition could not have proceeded as scheduled. **Rule 30(b)(6)** requires that an organization "designate one or more officers, directors, or managing agents … to testify on its behalf." The defendant did so by designating Tony Dowell as a representative. Dowell was prepared to testify on August 12, 2021.

The plaintiff is of the belief that it was the responsibility of the defendant to produce Delehanty for the August 12, 2021 deposition, and since it failed to do so, he was justified in cancelling both Dowell's and Delehanty's depositions. Not only did the plaintiff have ample notice that Delehanty likely would not appear, but also it was not the defendant's responsibility to ensure his appearance. A former employee of an organization has "no authority to testify on behalf of [it]," and the organization "ha[s] no control over him or obligation to produce him for deposition on its behalf." ***Operative Plasterers' & Cement Masons' Intern. Ass'n of I.S. and Canada AFL-CIO v. Benjamin,*** 144 F.R.D. 87, 90 (N. D. Ind. Oct. 15, 1992). If the plaintiff felt as though the deposition of Delehanty was "critical," he should have served Delehanty with a **Rule 30(b)(1)** subpoena. Additionally, the plaintiff has failed to explain why the August 12,

2021 deposition of Dowell could not have proceeded as planned, leaving the court to find that the plaintiff's unilateral cancellation was unjustified.

For the reasons stated above, the court **GRANTS** the defendant's Motion [DE 65]. The court further notes that the November 1, 2021 discovery deadline has now passed and that there has been no request to extend it.

ENTERED this 15th day of November, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge