**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

SYED UMAR HUSAINY,

        Plaintiff,

        v.                                  CAUSE NO.: 4:18-CV-28-TLS

GUTWEIN LLP,

        Defendant.

**OPINION AND ORDER**

This case arises out of the Fair Debt Collection Practices Act (FDCPA) and involves representations the Defendant Gutwein LLP made to the Plaintiff Syed Umar Husainy during a state court landlord-tenant dispute between the Plaintiff and his landlord—Granite Management, LLC, which was represented by the Defendant in that dispute. This matter is now before the Court on the Plaintiff's Motion for Reconsideration [ECF No. 92]. For the following reasons, the Court denies the motion.

**PROCEDURAL BACKGROUND**

Discovery in this case closed on November 1, 2021. ECF No. 69. The parties each filed a motion for summary judgment and related motions between January 20, 2022, and early March 2022. On September 9, 2022, the Court granted the Defendant's motion for summary judgment, including on the Plaintiff's claim that the Defendant violated 15 U.S.C. § 1692f concerning the collection of a "doc prep fee" itemized as a charge by Granite Management, LLC (Granite). ECF No. 90, pp. 13–16. On October 7, 2022, the Plaintiff filed the instant Motion for Reconsideration, asking the Court to find a question of fact concerning his § 1692f claim based on the calculation of the "doc prep fee." ECF No. 92. In support, the Plaintiff attached an excerpt from a February 4, 2021 deposition of Granite employee Trish Mills taken in a different case. ECF No. 92-1. This

deposition transcript was not produced to the Defendant before the close of discovery, and the

Defendant represents that it had never seen this document before the Plaintiff filed the instant

motion. The motion is fully briefed and ripe for ruling.

## ANALYSIS

The Plaintiff asks the Court to reconsider its ruling that the Defendant did not violate 15

U.S.C. § 1692f when it attempted to collect a $150 "doc prep fee" incurred by its client Granite,

the Plaintiff's landlord. Although the Plaintiff has not cited a legal basis for his "motion to

reconsider," it appears that the motion is brought under either Federal Rule of Civil Procedure

59(e) or 60(b). "A motion under Rule 59(e) may be granted only if there has been a manifest

error of fact or law, or if there is newly discovered evidence that was not previously available."

*Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *Cincinnati Life Ins. Co. v.*

*Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). "A 'manifest error' is not demonstrated by the

disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to

recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)

(citation and quotation marks omitted).

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or applying it prospectively is no longer
> equitable; or
> (6) any other reason that justifies relief.

2

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009) (citation omitted).

In the underlying state court litigation, Granite, represented by the Defendant, alleged that the Plaintiff was in default under the lease. Section 12 of the lease provided, in relevant part: "Upon default by the Tenant, the Tenant shall pay all costs and expenses, including attorney's fees incurred by Landlord in connection with the exercise of any rights or remedies it may have under this lease because of such default." ECF No. 75-2, p. 6, § 12. In the state court, Granite included in its list of damages a $150 "doc prep fee." ECF No. 75-1. In this case, the Plaintiff alleged that the collection of the $150 "doc prep fee" is a violation of 15 U.S.C. § 1692f, which provides that the following is a violation of the statue: "(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The parties filed cross motions for summary judgment on this claim.

In his motion for summary judgment and in response to the Defendant's cross motion, the Plaintiff argued that "this is a case about a company that regularly attempted to collect money that was not owed." ECF No. 78, p. 2; *see* ECF No. 82, p. 20 ("This fee is not an actual expense incurred."). He asserted that the $150 "doc prep fee" was "not owed pursuant to any valid contract or law." ECF No. 78, p. 4, ¶ 4. More specifically he argued, "There is no law that permits such a fee. There is no valid contract that permits the fee. The doc prep fee is not in [the Plaintiff's] lease with Granite." *Id.* at 9; *see* ECF No. 82, p. 20 ("This fee is not an actual expense incurred. Nor is the fee an actual charge that is passed along, such as a VISA charge for using a

credit card. The 'doc prep fee' is found nowhere in the lease."). In its own motion and its

response brief, the Defendant argued that the broad language of Section 12 of the lease explicitly

authorized the charge as part of "all costs and expenses" incurred by Granite for exercising its

rights under the lease based on the Plaintiff's default. ECF No. 76, p. 16–17; ECF No. 81, p. 4;

ECF No. 84, p. 6. The Defendant reasoned, "'Reimbursement for internal employee time

necessary to compile tenant information' or 'doc prep fees' in support of a collection lawsuit

certainly are included and contemplated in the lease through the term 'expenses.'" ECF No. 84,

p. 7.

In its Opinion and Order, the Court recognized that the "doc prep fee" was included in

the damages sought by the Defendant in filing the amended state court complaint on behalf of

Granite. ECF No. 90, p. 5–7. The Court cited evidence that "[t]he $150 document preparation fee

reflected a Granite employee's work 'to prepare all of the documents, e-file them, do everything

that a paralegal would do in that instance.'" *Id.* at 7 (citation omitted). The Court found that,

based on the terms of Section 12 of the lease, "the Defendant was authorized to seek the

document preparation fees and attorney's fees in the state court litigation" and granted summary

judgment in favor of the Defendant on the claim. *Id.* at 14, 16. The Court reasoned:

> [T]he lease provision appears to cover the document preparation fees that were
> charged for Granite's efforts to collect in state court. The phrase "all costs and
> expenses" is broadly worded and would allow Granite to seek reimbursement for
> the work it performed, which specifically included preparing the documents, e-
> filing them, and other work typical of a paralegal. *See Expense*, Black's Law
> Dictionary (11th ed. 2019) ("An expenditure of money, time, labor, or resources to
> accomplish a result; esp., a business expenditure chargeable against revenue for a
> specific period."); *Cost*, Black's Law Dictionary ("The amount paid or charged for
> something; price or expenditure."); *see also Bernal v. NRA Grp., LLC*, 930 F.3d
> 891, 893–94 (7th Cir. 2019) (interpreting "cost" in a similar contractual provision).
> The cost of this work was also incurred in connection with Granite exercising its
> right to sue in the event of default.

*Id.* at 14. Especially relevant to the instant motion, the Court also considered the Plaintiff's argument, which cited *Bernal*, that the "doc prep fee" was not allowed because it was for work performed by internal Granite staff and not a fee actually incurred by Granite. *Id.* at 15. The Court found *Bernal* distinguishable because, in the instant case, the "doc prep fee" was incurred directly by Granite and not by a debt collector. *Id.* at 15–16.

In the pending motion, the Plaintiff asks the Court to reconsider whether the "doc prep fee" was a cost or expense incurred by anyone, asserting that the Court "made a decision outside of the issues presented to the Court." ECF No. 92, p. 1. The Plaintiff argues that the cited evidence does not support a fee of $150 that was actually charged and again reasons that "[n]othing in the record supports that the employee work is an actual cost to the creditor." *Id*. at 2. The Plaintiff acknowledges that this is the same argument he made in his motion and in response to the Defendant's motion for summary judgment, including his reliance on *Bernal*. But then the Plaintiff argues that, because "[the Defendant] failed to come forward with any evidence of how the $150 was calculated or whether it was an actual cost or expense," the Plaintiff "did not have an opportunity to elaborate." *Id.* at 3, ¶¶ 8–9.

As to the later point of whether the $150 "doc prep fee" was "an actual cost or expense," that question was squarely answered in the affirmative by the Court and the Plaintiff has not demonstrated a manifest error of law or fact in the Court's analysis. As to the former point, the Plaintiff now argues for the first time that the Defendant failed to offer evidence of *how* the $150 was calculated. This is a new argument not previously raised, and the Plaintiff does not explain why it was not asserted in the summary judgment briefing. Accordingly, the Court denies the motion as to this new argument. In addition, the Plaintiff attempts to support this new argument with the February 4, 2021 deposition transcript of Trish Mills, which is evidence that existed at

the time of the summary judgment briefing but was not submitted by the Plaintiff. The Plaintiff's attorney took Mills' deposition in February 2021 in another matter, and discovery did not close in this case until November 1, 2021. Yet the Plaintiff did not disclose the deposition transcript during discovery, notice the deposition of Mills in this case, or attempt to reference Mills' deposition in support of the briefing on summary judgment. The Plaintiff may not now introduce "previously available" evidence that he possessed during discovery but did not produce. *See Robinson*, 1 F.4th at 483; *Oto*, 224 F.3d at 606.

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES the Plaintiff's Motion for Reconsideration [ECF No. 92].

SO ORDERED on May 4, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT